UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                            CASE NO. 8:22-cr-25-KKM-SPF

ZACHARY DEE LOPEZ

### UNITED STATES' SENTENCING MEMORANDUM

Zachary Lopez bought what he thought was 9 ounces of cocaine (a quarter kilogram) from an undercover officer. When law enforcement officers pulled him over, they found the cocaine as well as Lopez's gun, with an obliterated serial number. The United States is seeking a sentence at the mid range of the applicable guidelines – 27 months, with the minimum mandatory consecutive 5-year penalty following.

### FACTS

In January 2022, Zachary Lopez was expecting the receive a package of 9 oz of cocaine from an unindicted co-conspirator. PSR ¶ 10. Agents intercepted the package, and an undercover officer arranged to deliver the package to Lopez. *Id.* The UC met with Lopez in a parking lot and gave Lopez the package containing 2 oz of cocaine, but which Lopez thought actually contained the full 9 oz. PSR ¶ 11. After the exchange, officers pulled over Lopez's car and searched it, finding the cocaine, as well as a Glock

firearm. PSR ¶ 13. During a post-*Miranda* interview, Lopez admitted to possessing the gun for protection. PSR ¶ 14.

## GUIDELINES ANALYSIS

Defendant pleaded guilty to the indictment without a plea agreement. Based upon a total offense level of 17 and a criminal history category of I, the guideline imprisonment range is 24 to 30 months. PSR ¶ 72. As to Count Three, Defendant is subject to a 5-year minimum-mandatory term of imprisonment, which must run consecutively to any other sentence. PSR ¶¶ 70-71.

### A. Minor Role

Defendant argues that he qualifies for a two-level minor role reduction under U.S.S.G. §3B1.2 because he was just a carrier for the drugs. Defendant bears the burden of showing that he is entitled to the reduction. *United States v. Rodriguez De Varon*, 175 F.3d 930, 939 (11th Cir. 1999). And in considering the §3B1.2 reduction, the Court should consider "the defendant's role against the relevant conduct for which she was held accountable at sentencing" and "the defendant's role against the other participants, to the extent that they are discernable, in that relevant conduct." *Rodriguez De Varon*, 175 F.3d at 945. Often, the first factor is dispositive. *Id.*

Defendant argues that in this case, he was merely a courier. This may be true. But Defendant here is only being held accountable for his own relevant conduct – the 9 oz of cocaine, plus the gun he possessed in furtherance of his intent to distribute. He is not being held accountable for the relevant conduct of any other criminal participant. This alone should be dispositive. Moreover, the second factor also weighs in favor of the United States. Defendant's conduct must be assessed against other participants "*to the extent they are discernable* in that relevant conduct." *Id.* Again, Defendant is only being held accountable for his own relevant conduct. Here, we know what Defendant was sent the drugs by someone and was delivering them to someone, but we don't know anything else about their participation in the scheme.

Under these circumstances, the Court should decline to apply a minor role reduction.

### B. Guidelines Analysis

To Defendant's credit, Defendant only has one previous conviction (for misdemeanor domestic violence). PSR ¶ 34. There are factors, however, that indicate that a Guidelines sentence is appropriate.

Often in drug cases, this Court sees individuals who sell drugs because of their serious addiction to drugs. We don't see that here. Defendant denied

that he himself needed substance abuse treatment, and he does not have a cocaine addiction. PSR ¶¶ 54-57. Often, this Court sees individuals who sell narcotics because they don't have an education and/or have difficulties finding employment. Again, we don't see that here. Defendant has a high school diploma. PSR ¶ 58. He enjoyed school and made good grades. *Id.* Defendant also seemingly has been successful in the trades. PSR ¶¶ 60-62. From the information in the PSR, it appears that Defendant wanted to sell drugs to make a quick buck, and he was willing to carry a gun to do it.

Based on these facts and considerations, the United States asks that the Court give the Defendant a sentence of 27 months, with the minimum mandatory consecutive 5-year penalty following.

Respectfully submitted,

ROGER HANDBERG
United States Attorney

By: */s/ Callan Albritton*
Callan L. Albritton
Assistant United States Attorney
Florida Bar No. 0105688
400 N. Tampa Street, Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6178
E-mail: callan.albritton@usdoj.gov

U.S. v. Zachary Lopez                    Case No. 8:22-cr-25-KKM-SPF

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

                                      */s/ Callan Albritton*
                                      Callan Albritton
                                      Assistant United States Attorney
                                      Florida Bar No. 0105688
                                      400 N. Tampa Street, Ste. 3200
                                      Tampa, FL 33602-4798
                                      Telephone: (813) 274-6000
                                      Facsimile: (813) 274-6178
                                      E-mail: callan.albritton@usdoj.gov