# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**UNITED STATES OF AMERICA**

v.  CASE NO.: 8:22-CR-25-KKM-SPF

**ZACHARY DEE LOPEZ**
_____/

## DEFENDANT'S SENTENCING MEMORANDUM AND INCORPORATED MEMORANDUM OF LAW

**COMES NOW**, A. FITZGERALD HALL, counsel for the Defendant, **ZACHARY LOPEZ**, pursuant to Title 18, United States Code Sections 3551 and 3553(a), and moves this Court to: **ENTER AN ORDER OF ONE YEAR AND ONE DAY INCARCERATION ON COUNTS ONE, TWO, AND FOUR, CONCURRENTLY, AND FIVE (5) YEARS' INCARERATION, CONSECUTIVELY, ON COUNT THREE.** As grounds for this request, undersigned counsel proffers the following:

### BACKGROUND

1. On January 10, 2022, Mr. Lopez was arrested on a criminal complaint for the offense of possession of a firearm with an obliterated serial number in violation of 18 U.S.C. § 922(k) (Doc. 1).

2. On this same date, Mr. Lopez made his appearance before the Court and he was granted pretrial release on standard conditions of bond (Docs. 6 & 7).

3. On January 20, 2022, Mr. Lopez was indicted for count one, conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C); count two, knowingly and intentionally possessing with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); count three, knowingly using and carrying a firearm during and in relation to a drug trafficking crime (counts one and two) in violation of 18 U.S.C. § 924(c)(1)(A)(i); and count four, knowingly possessing a firearm that had its serial number removed, altered, or obliterated in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B) (Doc. 16).

4. On May 25, 2022, without a plea agreement, Mr. Lopez pleaded guilty as charged (Docs. 36, 38, & 42). Mr. Lopez's sentencing is currently scheduled for Tuesday, August 23, 2022, at 10:00 a.m. (Doc. 43). The Presentence Investigation Report ("PSIR") has been completed in this case and there are several objections to the report that this Court will need to resolve.

5. In any event, the PSIR currently reflects a total offense level of 17 and a criminal history category of I (PSIR ¶¶31, 36, & 72). This results in an advisory range of incarceration of 24-30 months as to counts one, two, and four and a consecutive five (5) years' incarceration as to count three (PSIR ¶72).

6. Notwithstanding the above, due to the nature and circumstances of the instant offense, the history and characteristics of Mr. Lopez, and the need for the

forthcoming sentence to afford <u>adequate deterrence</u>, Mr. Lopez requests this Court impose a sentence of one year and one day incarceration on counts one, two, and four, <u>concurrently</u>, and five (5) years' incarceration, <u>consecutively</u>, on count three pursuant to 18 U.S.C. § 3553(a) and *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005).

## LEGAL ARGUMENT

7. As outlined above, Mr. Lopez is facing an advisory sentencing guidelines range of incarceration of 24-30 months (PSIR ¶¶31, 36, & 72).

8. In this case, however, recognizing the seriousness of the instant offense, Mr. Lopez requests this Court consider the following highlighted factors set-forth under Section 3553(a) in determining a reasonable sentence to impose in this case:

(1) **the nature and circumstances of the [instant] offense and the history and the characteristics of the defendant;**

(2) the need for the sentence imposed-;

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) **to afford adequate deterrence to criminal conduct;**

    (C) **to protect the public from further crimes of the defendant; and**

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most

    effective manner;

 (3) **the kinds of sentences available**;

 (4) [the applicable Sentencing Guidelines];

 (5) any pertinent [Sentencing Guidelines] policy statement;

 (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

 (7) the need to provide restitution to any victim of the offense.

18 U.S.C. § 3553(a) (emphasis added). *See United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005) (providing that when the district court considers the factors of section 3553(a), it need not discuss each of them). *See also, United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005) (same), *abrogated on other grounds by Rita v. United States,* 551 U.S. 338, 127 S. Ct. 2456 (2007); *United States v. Bohannon*, 476 F.3d 1246, 1248 (11th Cir. 2007) (same); *United States v. McBride*, 511 F.3d 1293, 1297 (11th Cir. 2007) (same).

 9. Although the district court must adequately and properly consider the factors, nothing requires it to state on the record that it has explicitly considered each of the Section 3553(a) factors or to discuss each of the Section 3553(a) factors. *Garcia-Enriquez*, 664 F. App'x 765, 767 (11th Cir. 2016) (unpublished opinion) (citing *United States v. West*, 898 F.2d 1493, 1503 (11th Cir. 1990)). *See United States v. Dougherty*, 754 F.3d 1353, 1359 (11th Cir. 2014) (providing nothing

4

requires the district court to discuss each of the Section 3553(a) factors and an acknowledgement that it has considered each will suffice) (citing *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007)). *See also, United States v. Lora*, 627 F. App'x 881, 885 (11th Cir. 2015 (unpublished opinion) (district courts do not have to conduct an accounting of every factor or explain the role each played in the sentencing decision) (citing *United States v. Robles*, 408 F.3d 1324, 1328 (11th Cir. 2005)). Rather, "the sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision-making authority." *Lora*, 627 F. App'x at 885 (citing *Rita v. United States*, 551 U.S. 338, 356, 127 S. Ct. 2456 (2007)).

10. The weight given to each factor in § 3553(a) is a matter committed to the sound discretion of the district court. *United States v. Barrington*, 668 F.3d 1178, 1204 (11th Cir. 2011). *See Garcia-Enriquez*, 664 F. App'x at 767 (11th Cir. 2016) (unpublished opinion) (stating the weight given to any specific factor is committed to the sound discretion of the district court and a district court does not commit reversible error simply because it attaches significant weight to a single Section 3553(a) factor) (citing *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008)). "The court must consider all of the Section 3553(a) factors, but it may, in its discretion, give greater weight to some factors over others." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015).

11. "The fact that we might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Barrington*, 668 F.3d at 1204 (citing *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007)). *See United States v. Hayes*, 762 F.3d 1300, 1307 (11th Cir. 2014). *See also, United States v. Langston*, 590 F.3d 1226, 1237 (11th Cir. 2009) (stating the weight to be accorded any given Section 3553(a) factor is a matter committed to the sound discretion of the district court and we will not substitute our judgment in weighing the relevant factors); *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (same). "A district court has considerable discretion in deciding whether the Section 3553(a) factors justify a variance and the extent of one that is appropriate." *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014) (citing *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009) and *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008)).

12. The Guidelines are only one factor to consider when imposing a sentence and §3553(a)(3) directs the judge to consider sentences other than imprisonment. *Gall*, 552 U.S. at 59, 128 S. Ct. at 602 (2007) (emphasis added).

13. It should be noted that in assessing these enumerated factors that the Court is "to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *United States v. Alfaro-Moncada*, 607 F.3d

6

720, 735 (11th Cir. 2010) (emphasis added) (citing *Gall*, 552 U.S. at 52, 128 S. Ct. at 598 (2007)).

14. Pursuant to Section 3553(a), and the above-cited case law, Mr. Lopez requests this Court impose a reasonable sentence in this case. In particular, Mr. Lopez requests this Court impose a sentence of one year and one day incarceration on counts one, two, and four, concurrently, and five (5) years' incarceration, consecutively, on count three due to the following: the nature and circumstances of the instant offense, his history and characteristics, and the need for the forthcoming sentence to afford <u>adequate</u> deterrence.

  A. **The Nature and Circumstances of the Instant Offense.**

15. The circumstances surrounding this case are in the PSIR and are rather straightforward (PSIR ¶¶10-14).[1] In short, in January of this year, Mr. Lopez was expecting to receive a package containing nine ounces of cocaine that had been mailed by an unindicted co-conspirator from Columbia to Tampa, Florida (PSIR ¶10). However, law enforcement intercepted the package and arranged for an undercover officer to deliver the package to Mr. Lopez. *Id.* As clearly noted in the PSIR, "investigative material identified Mr. Lopez as the runner/transporter for the package." *Id.*

---

[1] However, it should be noted that police reports, also appear to indicate that Mr. Lopez was contacted to simply pick-up the drugs in this case.

16. Subsequently, the undercover officer met with Mr. Lopez in a parking lot in Tampa, Florida and Mr. Lopez entered the undercover's vehicle to complete the transaction (PSIR ¶11). The undercover officer confirmed with Mr. Lopez that he (Lopez) was supposed to receive the package. *Id.* Lopez confirmed he was to receive the package. *Id.*

17. After the transaction was completed, Mr. Lopez called the undercover officer and stated he could not find anything inside of the package he had received (PSIR ¶12). The undercover officer informed Mr. Lopez to look under the paper in the received package to which Mr. Lopez confirmed that he found the cocaine. *Id.*

18. Thereafter, a traffic stop was conducted on the vehicle Mr. Lopez was driving and a search of the vehicle revealed cocaine and a Glock firearm (PSIR ¶13). Post-*Miranda*, Mr. Lopez admitted the firearm was his and that he carried it for protection as he had been threatened by several people (PSIR ¶14).

19. In this case, as previously stated, the facts are straightforward: Mr. Lopez was eventually contacted by an unindicted co-conspirator to be the runner/transporter for the package (drugs) he (Lopez) received (PSIR ¶10 and ¶¶11-13). Said, differently, Mr. Lopez is simply "a mule" in this case. *See e.g., United States v. Cruickshank*, 837 F.3d 1182, 1192 (11th Cir. 2016). *See also, United States v. Montano-Garcia*, 761 F. App'x 880, 884 (11th Cir. 2019) (unpublished opinion) (stating "Again, we note the district court found both that "the evidence doesn't show

that Montano-Garcia was actively involved with respect to the other heroin" and that Montano-Garcia 'was a drug courier, pure and simple, in this case.'").

20. Furthermore, there are no acts of violence or resistance of any kind in this case. *Id.* In fact, Mr. Lopez admitted to his criminal conduct in this case, and he did so post-*Miranda*. *Id.*

21. Due to the facts and circumstances surrounding this case, the imposition of a lesser sentence would not be inappropriate.

**B.     The History and Characteristics of Mr. Lopez.**

22. In this case, as *Alfaro-Moncada, supra.,* notes, Mr. Lopez is a "unique study in the human failings" and, in this case, the facts only establish that he participated in, *i.e.*, his role was, picking up the drugs delivered (PSIR ¶¶10-14).

23. Interestingly, <u>prior</u> to the commission of the instant offense, Mr. Lopez has only had one court disposition, a <u>misdemeanor</u> domestic violence offense <u>back in 2017</u> for which he "successfully terminated probation" (PSIR ¶34) (emphasis added).

24. A review of Mr. Lopez's criminal history results in him having only one criminal history point and, thus, him being in Criminal History Category I. *See generally*, PSIR ¶¶33-40. *See*, in particular, PSIR ¶¶35-36.

25. Considering Mr. Lopez's <u>lack of a criminal history</u>, this Court should "strike a balance" in fashioning a reasonable sentence to impose in this case. *See*

*e.g., United States v. Smith*, 289 F.3d 696, 713 (11th Cir. 2002) (providing the policy statement for U.S.S.G. §4A1.3 is concerned with the pattern or timing of prior convictions, and not with the facts of the individual prior crimes as relied upon by the district court.) (citing *United States v. Rucker*, 171 F.3d 1359, 1360, 1363 & n. 8 (11th Cir. 1999); *United States v. Phillips*, 120 F.3d 227, 231-32 (11th Cir. 1997)).

26. In particular, the sum-total of Mr. Lopez's history and characteristics, and the facts surrounding this case, suggests that a sentence of one year and one day incarceration on counts one, two, and four, <u>concurrently</u>, and five (5) years' incarceration, <u>consecutively</u>, on count three, would be an appropriate disposition of the case.

    **C.**    **Sentence to Afford Adequate Deterrence.**

27. Furthermore, Mr. Lopez is requesting this Court enter an order of one year and one day incarceration on counts one, two, and four, <u>concurrently</u> and five (5) years' incarceration, <u>consecutively</u>, on count three as such a sentence would be a reasonable one. In fact, considering the circumstances surrounding this case and Mr. Lopez's history and characteristics, one year and one day incarceration on counts one, two, and four, <u>concurrently</u> and five (5) years' incarceration, <u>consecutively</u>, on count three would accomplish all of the factors arrayed in Section 3553(a). That is to say, a sentence of one year and one day incarceration on counts

one, two, and four, <u>concurrently</u> and five (5) years' incarceration, <u>consecutively</u>, on count three would accomplish the following: <u>reflect the seriousness of the offense</u>, <u>promote respect for the law</u>, and <u>provide just punishment</u> for the instant offense.

28. Finally, but equally important, is the fact that a sentence of one year and one day incarceration on counts one, two, and four, <u>concurrently</u> and five (5) years' incarceration, <u>consecutively</u>, on count three would be an adequate sentence and a <u>federal</u> sentence that would deter Mr. Lopez from committing <u>any</u> criminal conduct in the future.

29. Assistant United States Attorney Callan Albritton opposes this request.

**WHEREFORE**, Mr. Lopez prays this Court grant the relief requested herein and enter an order of one year and one day incarceration on counts one, two, and four, <u>concurrently</u> and five (5) years' incarceration, <u>consecutively</u>, on count three.

DATED this 18th day of August 2022.

Respectfully submitted,

A. FITZGERALD HALL, ESQ.
FEDERAL DEFENDER

By: ***s/ A. Fitzgerald Hall***
A. Fitzgerald Hall, Esq.
Florida Bar No. 0137138
Federal Defender
400 North Tampa Street, Suite 2700
Tampa, Florida 33602
Phone: (813) 228-2715
Facsimile: (813) 228-2562
Email: Alec_Hall@fd.org

*Defense Attorney for Lopez*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 18th day of August 2022, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notice of the electronic filing to:

AUSA Callan Albritton.

By: ***s/ A. Fitzgerald Hall***
A. Fitzgerald Hall, Esq.
Federal Defender